UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENTING ROHWER,<br><br>    Plaintiff,<br><br>  v.<br><br>WARNER BROS. DISCOVERY, INC., *et al*.,<br><br>    Defendants. | CASE NO. 2:25-cv-01284-RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL |

  This matter comes before the Court on "Plaintiff's Motion for Protective Order to Prevent Witness Intimidation and for Related Relief" (Dkt. 31) and "Plaintiff's Motion to Seal Declaration" (Dkt. 43). On Thursday, October 30, 2025, plaintiff emailed defense counsel with concerns regarding witness intimidation and retaliation. Dkt. 31-3. She proposed that the parties enter into a stipulated protective order that would address her concerns and requested a telephonic conference within 48 hours to discuss the issue. When defense counsel failed to respond within the specified time, plaintiff filed this motion for protective order.

  **A. Meet and Confer Requirement**

  Discovery motions – whether to compel production or for a protective order – presuppose the existence of a dispute. In this case, plaintiff made an email proposal and then filed her motion before defendants made any response. The extent and nature of the

ORDER DENYING PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER AND MOTION TO SEAL - 1

dispute, if any, was completely unknown at the time. Even if plaintiff had reason to suspect that defendants would not accede to her proposal, LCR 26(c)(1) requires a face-to-face or telephonic conference between the parties in an effort to resolve the dispute without Court intervention. That plainly did not occur.

Plaintiff argues that defendants willfully refused to confer, but her initial proposal and the request for a meet and confer were all rolled into a single email that gave defendants only two days to respond.[1] Federal litigation is not instantaneous: deadlines are generally measured in days and weeks, not hours. The meet and confer requirement of the federal and local civil rules cannot be avoided simply by insisting on an immediate response. Both the procedure used and the deadline plaintiff imposed were unreasonable and clearly not designed to explore issues and options in the hopes of reaching an agreement without Court intervention. Pursuant to LCR 26(c)(1), the failure to engage in a good faith meet and confer justifies the denial of plaintiff's motion without addressing the merits of the dispute.

**B. Good Cause**

In the alternative, the Court finds that plaintiff has failed to show good cause for the extraordinary "protective order" she seeks. In her amended complaint, plaintiff alleges that defendants discriminated against her, destroyed documents and evidence related to this litigation, and retaliated against her by, *inter alia*, intimidating witnesses so that they would not cooperate with plaintiff, thereby damaging plaintiff's litigation, professional, and re-employment opportunities. Dkt. 28 at 5-6, 10, and 14. Plaintiff repeats these allegations in her motion and seeks an order prohibiting retaliation against or intimidation of witnesses, invalidating defendants' non-disclosure agreements to the extent they would

---

[1] Similarly, plaintiff filed a "Notice of Sanctionable Conduct" on December 2, 2025, after giving defense counsel approximately two hours, from 12:45 am to 2:45 am, to respond to her demand to meet and confer. Dkt. 63. Such conduct is patently unreasonable and does not satisfy the conferral requirements of Fed. R. Civ. P. 37 or LCR 37.

ORDER DENYING PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER AND MOTION TO SEAL - 2

prevent participation in this litigation, notifying potential witnesses that they are protected from retaliation or intimidation, preventing disclosure of confidential and sensitive information, sealing plaintiff's initial disclosures, and directing defendants to show cause why they should not be sanctioned for their failure to meet and confer regarding this motion.[2]

Plaintiff offers no evidence in support of the relief requested other than a declaration stating that the severance agreement defendants presented to her upon her termination contained a confidentiality clause and that plaintiff has heard from current employees of Warner Bros. Discovery that the company implemented a 180-day email deletion policy in 2024, after it was on notice of this litigation. Dkt. 32 at ¶¶ 5-6.[3] Taking these assertions at face value and ignoring the obvious hearsay issue,[4] they do not support a finding of witness intimidation or contractual impediments that could justify the affirmative relief plaintiff seeks. That defendants requested a confidentiality provision in exchange for a severance package does not suggest that current employees are subject to a non-disclosure agreement that violates public policy, nor does the implementation of a

---

[2] Most of the relief requested cannot appropriately be characterized as protection "from annoyance, embarrassment, oppression, or undue burden or expense," Rule 26(c)(1), and is instead a request for affirmative, preliminary injunctive relief on some of her substantive claims. Plaintiff makes no effort to establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, or that an injunction is in the public interest. *See, e.g.*, *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

[3] The Court has also reviewed plaintiff's objections to defendants' March 20, 2024, EEOC filing. Dkt. 63 and Dkt. 64. It is unclear why plaintiff is taking issue with a submission made more than eighteen months ago in a different venue. To the extent the submission is intended to bolster plaintiff's allegations of wrongdoing in this case, it is unpersuasive. The length of defendants' submission to the EEOC, the fact that redactions were made, and the presentation of critical leave records and redacted social security numbers are not, in and of themselves evidence of bad faith or lack of candor. To the extent plaintiff is alleging that defendants violated the EEOC's rules regarding the presentation of medical or other sensitive information, the objection should be raised with the EEOC.

[4] Out-of-court statements generally cannot be used to prove the truth of the matters asserted by the declarant. Fed. R. Ev. 801 and 802. The hearsay rule is designed to protect the reliability of the evidence on which judicial decisions are made. While the credibility of plaintiff's testimony regarding what her former co-workers told her can be tested on cross-examination, whether the co-workers truthfully reported what was happening at Warner Bros. Discovery, were simply saying what plaintiff wanted to hear, or misunderstood the nature of the policy changes cannot be evaluated by the fact finder because the co-workers are not present and cannot be questioned.

ORDER DENYING PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER AND MOTION TO SEAL - 3

document retention policy show that a litigation hold had not been issued or that evidence has been spoliated.[5]

### C. Initial Disclosures

Plaintiff requests permission to file her initial disclosures under seal. Pursuant to LCR 5(d), initial disclosures must be served on the opposing party, not filed in the Court docket. This request for relief is therefore denied as moot.

To the extent plaintiff seeks an order directing that her initial disclosures be shared only with defendants' attorneys, the request was made for the first time in reply and has not been considered. The parties are free to negotiate an Attorney's Eyes Only provision as part of a stipulated protective order, but the Court will not resolve an issue that was never discussed between the parties and was not timely raised in the moving papers.

Plaintiff's "Motion to Seal Initial Disclosures" (Dkt. 57) will be considered separately.

### D. Rule 26(f) Conference

A case management order has been entered in this case. The request for permission to submit separate status reports is therefore moot.

### E. Sanctions

The Court declines to award sanctions to either party at this juncture, despite plaintiff's failure to comply with the meet and confer requirements and unauthorized recording of the Rule 26(f) conference. Plaintiff shall, going forward, give defendants a reasonable opportunity to respond to meet and confer requests, shall participate in the meet

---

[5] In her reply declaration, plaintiff reports additional third-party statements regarding Warner Bros. Discovery's new document retention policy, its migration of documents from Google Docs to OneDrive, the litigation hold letter regarding plaintiff's claims, additional complaints against defendant Zhang, work laptop security issues, a former co-worker's refusal to communicate with plaintiff after June 18, 2025, and a former Warner Bros. Discovery employee who believed their confidentiality agreement prevented them from assisting plaintiff in this litigation. Dkt. 44. Only the last two points are relevant to the relief requested in this motion. They do not carry the day, however, because they were inappropriately disclosed for the first time in reply (depriving defendants of the opportunity to respond) and they constitute inadmissible hearsay.

ORDER DENYING PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER AND MOTION TO SEAL - 4

and confer conferences in good faith, and shall refrain from recording conversation and conferences with defense counsel absent their express consent to the recording. Future failures may result in an award of fees against plaintiff.

**F. Motion to Strike (Sur-Reply)**

Plaintiff filed a request to strike Dkt. 53 as an unauthorized sur-reply. Dkt. 56. Plaintiff's premise is incorrect. Plaintiff filed two separate motions, and the challenged document is an opposition to the motion to seal, not a second response to the motion for protective order.

**G. Motion to Seal**

Plaintiff seeks permission to file her reply declaration under seal to protect the identity of Warner Bros. Discovery employees who are or were assisting her in this litigation. The identity of these witnesses is critical to claims asserted in this litigation: plaintiff will not be able to succeed on her allegations of spoliation, witness intimidation, and/or resulting damages without their testimony, and defendants are entitled to know what evidence and testimony is arrayed against them.

For all of the foregoing reasons, plaintiff's motion for protective order (Dkt. 31) and first motion to seal (Dkt. 43) are DENIED. The Clerk of Court is directed to unseal Dkt. 44.

Dated this 15th day of December, 2025.

Robert S. Lasnik
United States District Judge