UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENTING ROHWER,<br><br>          Plaintiff,<br><br>    v.<br><br>WARNER BROS. DISCOVERY, INC., *et al.*,<br><br>          Defendants. | CASE NO. 2:25-cv-01284-RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SEAL INITIAL DISCLOSURES |

      This matter comes before the Court on "Plaintiff's Motion to Seal Initial Disclosures." Dkt. 57. Plaintiff is not simply seeking to seal a document filed with the Court, but also seeks permission to withhold basic information regarding individuals likely to have discoverable information. Defendants oppose the motion, arguing that plaintiff has not shown good cause for a seal or provided authority for withholding information required by Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff did not file a reply.

      The Court previously denied a motion to seal the same information, finding that the identity of Warner Bros. Discovery employees who are assisting plaintiff in this litigation and who purport to have discovery information is critical to claims asserted in this litigation. Plaintiff will not be able to succeed on her allegations of spoliation, witness intimidation, and/or resulting damages without their testimony, and defendants are entitled to know what evidence and testimony will be arrayed against them. Rule 26(a)(1)(A)(i)

ORDER DENYING PLAINTIFF'S MOTION TO SEAL
INITIAL DISCLOSURES - 1

requires the disclosure of this information, and plaintiff has not justified the protection from disclosure she seeks.

The version of her initial disclosures filed with the Court is incomplete and insufficient.[1] Plaintiff shall, therefore, amend her disclosures to include the names and, if known, the addresses and telephone numbers of not only the current and former Warner Bros. Discovery employees to which she referred in Dkt. 65, but also of the treating obstetricians, gynecologists, psychologists, and therapists who were identified only by their specialty.

Plaintiff's motion to seal (or otherwise withhold) the information required by Rule 26(a) is DENIED. Defendants' requests for an award of fees and some sort of bar order striking motions without a review of their merits are also DENIED. Plaintiff shall serve her amended disclosures on defendants within fourteen days of the date of this order. The amended disclosures shall not be filed with the Court.

Dated this 23rd day of December, 2025.

Robert S. Lasnik
United States District Judge

---

[1] Plaintiff recognized that her generic descriptors of groups of witnesses were not authorized by the rules and promised to "promptly supplement [her] disclosures with full contact information should the Court deny the requested protection." Dkt. 65 at 3. The Court denied plaintiff's request for a protective order. Dkt. 75. There is no indication in the record that she has amended her disclosures.

ORDER DENYING PLAINTIFF'S MOTION TO SEAL
INITIAL DISCLOSURES - 2