UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENTING ROHWER,

                  Plaintiff,

       v.

WARNER BROS. DISCOVERY, INC., *et al*.,

                 Defendants.

CASE NO. 2:25-cv-01284-RSL

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND GRANTING DEFENDANTS' REQUEST FOR AN AWARD OF FEES

This matter comes before the Court on "Plaintiff's Motion for Sanctions, to Compel Production, and to Expedite Discovery Schedule." Dkt. 92. Discovery requests are governed by the procedures set forth in Federal Rules of Civil Procedure 26-37. Plaintiff served two sets of Requests for Production of Documents, the first on January 2, 2026, and the second on January 9, 2026. Pursuant to Rule 34(b)(2)(A), "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Plaintiff filed this motion for sanctions and to compel production on January 17, 2026, long before any response from defendants was due.[1] At the time, there is no way plaintiff could have known whether and to what extent defendants would produce documents in response to her

---

[1] Plaintiff cannot unilaterally demand that defendants respond in less time than allowed by the rules of procedure that authorize and govern her discovery requests. Nor has she shown good cause to expedite discovery in this matter.

ORDER DENYING PLAINTIFF'S MOTION FOR
SANCTIONS AND GRANTING DEFENDANTS' REQUEST
FOR AN AWARD OF FEES - 1

discovery requests. In the absence of a discovery dispute, no obligation to meet and confer arose.

Once again, plaintiff has filed a discovery motion in the absence of a genuine discovery dispute and without meeting and conferring with defendants. The Court declined to award sanctions for similar conduct in December 2025, but warned plaintiff that future failures to meet and confer in good faith may result in an award of fees against her. Dkt. 75 at 4-5. There being no possible justification for filing a motion to compel before responses were even due and before attempting to resolve the dispute informally, the Court finds that an award of fees in this instance is justified.

Plaintiff's motion for sanctions, an order compelling discovery, and an expedited discovery schedule is DENIED. Defendants' request for an award of fees is GRANTED. Defendants may, within seven days of the date of this Order, submit evidence of the reasonable fees and costs incurred in opposing plaintiff's motion (Dkt. 92) and note the matter for consideration seven days thereafter. Plaintiff may file a response on or before the note date. Plaintiff is once more ordered to meet and confer with defendants in good faith prior to filing any future discovery motions. To the extent plaintiff takes issue with defendants' response to the first set of requests for production (as she does in her reply memorandum), she must meet and confer with defendants regarding each perceived deficiency before involving the Court in the dispute. The Court declines to impose filing restrictions or to subject plaintiff's submissions to sua sponte review.

Dated this 9th day of February, 2026.

MVS Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
SANCTIONS AND GRANTING DEFENDANTS' REQUEST
FOR AN AWARD OF FEES - 2