UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENTING ROHWER,

              Plaintiff,

      v.

WARNER BROS. DISCOVERY, INC., *et al.*,

              Defendants.

CASE NO. 2:25-cv-01284-RSL

ORDER DISMISSING SEPARATE SPOLIATION CLAIM

This matter comes before the Court on defendants' "Motion for Partial Reconsideration of the Court's February 19, 2026, Order re Defendants' Motion to Dismiss." Dkt. 112. Defendants point out that the Court erred by overlooking and not considering their arguments regarding the legal insufficiency of plaintiff's spoliation claim. The Court renoted the motion for reconsideration and requested further briefing from the parties. Having considered their submissions, the Court finds as follows:

Neither Washington nor federal law recognizes spoliation as an independent cause of action, at least not when the alleged spoliator is a party to the action. *See, e.g., J.K. by Wolf v. Bellevue Sch. Dist. No. 405*, 20 Wn. App. 2d 291, 308 (2021) ("No general duty to preserve evidence exists in Washington, but the duty can arise from other sources."); *Mason Sales, LLC, v. Talent Creation, Ltd*., No. 3:24-cv-00092, 2026 WL 753176, at *7 (M.D. Tenn. Mar. 17, 2026); *Johnson v. Charter Commc'ns, Inc*., No. 5:20-cv-2056-LCB,

ORDER DISMISSING SEPARATE
SPOLIATION CLAIM

2023 WL 7106467, at *5 (N.D. Ala. July 26, 2023); *North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 79 (D.D.C. 2015); R.*C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 878, 887 (N.D. Ohio 2009). While federal courts generally impose a duty on litigants to preserve evidence when they have notice that the materials are potentially relevant to pending or reasonably foreseeable litigation, spoliation has historically been treated as an evidentiary matter to be resolved through recourse to the court's inherent power to control litigation and protect the integrity of the judicial process and/or the rules governing discovery. *See, e.g., Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *MS Amlin Marine NV v. Delta Marine Indus. Inc.*, 348 F.R.D. 658, 680 (W.D. Wash. 2025). Thus, if plaintiff can show that (1) defendants had an obligation to preserve the evidence when it was destroyed or altered, (2) the destruction or loss was willful or culpable, and (3) the evidence was relevant to the claims or defenses plaintiff has put forth in this litigation, she may file a motion for spoliation sanctions. *Surowiec v. Cap. Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011); *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009); *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1070–78 (N.D. Cal. 2006); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). She may not, however, pursue a separate, independent cause of action for spoliation in this context.

For all of the foregoing reasons, defendants' motion for reconsideration is GRANTED and plaintiff's spoliation claim (Count X) is DISMISSED.

DATED this 27th day of March, 2026.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING SEPARATE
SPOLIATION CLAIM