The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENTING ROHWER,

    Plaintiff,

v.

WARNER BROS. DISCOVERY, INC., *et al.*,

    Defendants.

NO. 25-cv-1284-RSL

ORDER REGARDING PLAINTIFF'S EMERGENCY MOTION

Before the Court is "Plaintiff's Emergency Motion for Protective Order." Dkt. 127. Plaintiff moves for a protective order regarding her deposition. In her original motion, plaintiff requested that she be allowed to appear for her deposition via Zoom or, if required to appear in Seattle, defendants bear the costs of her travel and lodging, provide five days for travel and jet-lag recovery, agree to a neutral deposition venue, and complete certain document production before the deposition proceeded. Dkt. 127. In reply, plaintiff appears to narrow that request, stating that she offered to appear for an in-person deposition in

ORDER REGARDING PLAINTIFF'S EMERGENCY MOTION

- 1

Hong Kong while bearing her own travel and lodging costs. Dkt. 139. Defendants oppose the motion, arguing that plaintiff has not shown good cause to depart from the ordinary rule that a plaintiff who chooses a forum must appear in that forum for deposition. Dkt. 133.

Federal Rule of Civil Procedure 26(c) permits the Court, for good cause, to issue an order protecting a party from annoyance, embarrassment, oppression, or undue burden or expense. The party seeking a protective order bears the burden of showing specific prejudice or harm that will result if the requested relief is denied. S*ee Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Rule 26(c) does not permit a party to avoid the ordinary burdens of litigation based on generalized claims of inconvenience, cost, or dissatisfaction with opposing counsel's discovery positions. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 30(b)(4) authorizes depositions by remote means by stipulation or court order, but it does not create a presumption that a party is entitled to be deposed remotely whenever remote testimony would be more convenient. *See Cervantes v. City of Des Moines*, No. C06-1714RSM, 2007 WL 9775555, at *1 (W.D. Wash. Oct. 16, 2007) ("Generally, a plaintiff is required to submit to a deposition in the forum in which he brought suit."); *Tsien v. Bd. of Regents of Univ. Sys. of Ga.*, No. CV 121-008, 2021 WL 6617308, at *2–3 (S.D. Ga. Dec. 20, 2021) (overruling objections to magistrate judge's order requiring plaintiff residing in China to

ORDER REGARDING PLAINTIFF'S EMERGENCY MOTION

- 2

appear for deposition in Georgia, where plaintiff chose to file suit).

Plaintiff has not shown good cause to require a remote deposition. Plaintiff chose to file this lawsuit in the Western District of Washington. Defendants are entitled to depose her, as a central witness in the case, in the forum she selected, subject to the limitations imposed by the Federal Rules. *See* Fed. R. Civ. P. 30(d)(1). Plaintiff's residence abroad, the expense and inconvenience of travel, and her preference for a remote deposition do not, without more, establish that an in-person deposition in Seattle is oppressive or unduly burdensome. Defendants have also articulated legitimate reasons for seeking an in-person deposition, including the number of claims, witnesses, and documents at issue, the need to question plaintiff about her allegations and discovery responses, and the practical difficulties of conducting a full deposition remotely across time zones and international borders. The Court is not persuaded that defendants' insistence on an in-person deposition in the district where plaintiff filed suit constitutes harassment, coercion, or bad faith.

Nor has plaintiff shown that the deposition should occur in Hong Kong or that defendants should be required to bear the costs of international travel for counsel or a court reporter. Plaintiff's Hong Kong proposal may reduce the burden on her, but it would substantially increase the burden on defendants and would shift to them costs that arise primarily from plaintiff's decision to litigate in this forum while residing abroad. Plaintiff may not invoke this Court's jurisdiction and then require defendants to travel halfway

ORDER REGARDING PLAINTIFF'S EMERGENCY MOTION

- 3

around the world to take her deposition.

The Court further declines to continue the deposition until September 1, 2026, or to condition plaintiff's deposition on defendants' completion of additional document production. Discovery may proceed in any sequence unless the Court orders otherwise. Fed. R. Civ. P. 26(d)(3). Plaintiff has not shown that the deposition cannot fairly proceed unless defendants first produce the categories of documents identified in her motion. To the extent plaintiff believes defendants' discovery responses are deficient, she must raise any concrete discovery dispute through the procedures required by the Federal Rules, the Local Civil Rules, and this Court's orders. She may not use a motion concerning the location and manner of her deposition as a vehicle to litigate unrelated discovery grievances or to delay her obligation to sit for deposition.

The Court will, however, require the parties to conduct the deposition at a neutral location in Seattle, such as a court-reporting office or other mutually agreeable professional setting, rather than at defense counsel's office. This accommodation addresses plaintiff's stated concern regarding the deposition environment without imposing undue burden on defendants. The parties shall promptly meet and confer and select a mutually convenient date for plaintiff's deposition to occur in Seattle. If the parties cannot agree on a date, defendants may renote the deposition on 60-days written notice, and plaintiff must appear absent further order of the Court.

ORDER REGARDING PLAINTIFF'S EMERGENCY MOTION

- 4

The Court also addresses the manner in which this litigation has proceeded to date. The Court recognizes that plaintiff is *pro se* and that she believes this case raises serious issues. Plaintiff has the same right as any litigant to pursue claims she believes are meritorious, to challenge conduct she believes is unlawful, and to seek relief from the Court when relief is warranted. At the same time, this case is in its early stages, and the docket already reflects substantial motion practice, emergency requests, reconsideration motions, notices of supplemental authority, and other filings. In the last two weeks alone, plaintiff has filed, in addition to the present motion, a motion to amend, a motion to vacate an order on a motion to dismiss, multiple notices of supplemental authority, multiple declarations, a notice of errata, and a memorandum related to her motion to amend. Dkts. 127, 129–30, 135–38, 140–42.

The Court has considered plaintiff's concerns when properly presented, and it will continue to do so. But the orderly resolution of this case requires the parties to focus their filings on the specific relief requested, to avoid relitigating matters already decided, and to reserve emergency relief for circumstances that truly warrant expedited judicial intervention. Repetitive or collateral filings can obscure the issues before the Court, increase the burden on the parties, and divert judicial resources from the merits of the case. Therefore, plaintiff is advised that, going forward, repetitive supplemental filings, filings that reargue matters already decided, filings that raise collateral accusations unrelated to

ORDER REGARDING PLAINTIFF'S EMERGENCY MOTION

- 5

the relief requested, or filings that characterize routine litigation disputes as emergencies may be stricken or summarily denied. If such filings continue, the Court may also consider whether sanctions or other appropriate relief is warranted. The Court does not impose such measures lightly, particularly where a party is self-represented. But plaintiff's right of access to the courts, while important, must be exercised consistently with the rules that govern all parties and with the Court's obligation to manage its docket fairly and efficiently.

Accordingly, plaintiff's emergency motion for protective order, Dkt. 127, is DENIED except that plaintiff's deposition shall occur at a neutral location in Seattle, Washington, on a date selected by agreement of the parties or, absent agreement, on 60-days written notice by defendants. Plaintiff must appear in person for that deposition.

DATED this 27th day of May 2026.

Robert S. Lasnik
United States District Judge

ORDER REGARDING PLAINTIFF'S EMERGENCY MOTION

- 6