The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENTING ROHWER,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. DISCOVERY, INC., *et al.*,<br><br>Defendants. | NO. 25-cv-1284-RSL<br><br>**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S EMERGENCY MOTION TO SUPPLEMENT** |

This matter comes before the Court on defendants' "Motion for Protective Order Regarding Plaintiff's Discovery," Dkt. 160, and pro se plaintiff Wenting Rohwer's "Emergency Motion for Leave to File Supplemental Evidence in Support of Response to Defendants' Motion for Protective Order," Dkt. 173. Having reviewed the parties' memoranda, the declarations and exhibits submitted in support thereof, and the remainder

of the record, the Court GRANTS in part and DENIES in part each motion for the reasons stated below.

**BACKGROUND**

This is an employment action arising out of plaintiff's employment with Warner Bros. Discovery, Inc. ("WBD"). Plaintiff filed this lawsuit in July 2025 alleging violations of Title VII, the Washington Law Against Discrimination, the Americans with Disabilities Act, the Pregnant Workers Fairness Act, and the Consolidated Omnibus Budget Reconciliation Act of 1985, as well as asserting Washington common-law claims for wrongful discharge in violation of public policy, intentional infliction of emotional distress, fraud, defamation, spoliation, and breach of contract. Dkt. 104 at 1 & n.1. The claims have been narrowed through motion practice and now principally concern alleged pregnancy and sex discrimination, retaliation, and failure to accommodate in connection with plaintiff's employment and termination, as well as the handling of her severance and post-employment benefits. *See* Dkts. 104, 119.

Plaintiff began serving discovery requests on defendants in January 2026. By the time defendants filed the present motion, plaintiff had propounded 24 sets of requests for production ("RFP") containing 333 individual requests and 13 sets of requests for admission ("RFA") containing 366 individual requests. Dkt. 161 ¶¶ 1–5. After defendants filed the motion, plaintiff served 7 additional RFP sets containing 206 requests and 7 additional RFA

sets containing 193 requests. Thus, plaintiff has served a total of 31 RFP sets and 20 RFA sets, comprising 1,098 individual requests. Dkt. 168 at 2–3; Dkt. 169 ¶¶ 2–8. Plaintiff also directed a document subpoena to current WBD employee Shuo Li ("Li subpoena"). According to plaintiff, the subpoena was personally delivered to Li at her residence on June 30, 2026. It contains 13 numbered document requests, many of which include multiple subparts. Dkt. 174 ¶¶ 10–11; Dkt. 174-3 at 5–16.

Defendants argue that the scope and sheer number of plaintiff's discovery requests are unprecedented, unwarranted in this relatively straightforward employment dispute, and abusive. Defendants therefore ask the Court to relieve them of any further obligation to respond to RFP Sets 9–31 and RFA Sets 2–20, quash the Li subpoena, and prohibit plaintiff from serving additional written discovery or subpoenas on current WBD employees without prior leave from the Court. They also request sanctions. Alternatively, defendants ask the Court to appoint a discovery master at plaintiff's expense to screen any future discovery.

Plaintiff opposes the motion. Dkt. 164. She contends that each discovery set addresses a distinct subject and seeks information relevant and necessary to her claims. She further asserts that the Court is "unable to rule on [this motion] without knowing the specific discovery requests that have occurred." *Id.* at 1. In support of that position, plaintiff submitted approximately 1,800 pages of exhibits containing plaintiff-created summaries of her successive discovery sets, the underlying requests, defendants'

responses, and copies of legal authorities. *See* Dkts. 164, Exs. 1-8; 165, Exs. 1-8; 166, Exs. 1-8; 167, Exs. 1-9.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of nonprivileged matters that are relevant to a party's claim or defense and proportional to the needs of the case. Proportionality depends on the importance of the issues, the amount in controversy, the parties' relative access to relevant information and resources, the importance of the discovery in resolving the issues, and whether its burden or expense outweighs its likely benefit. *Id*. Rule 26(b)(2)(C) requires the Court to limit discovery that is unreasonably cumulative or duplicative, is obtainable from a more convenient, less burdensome, or less expensive source, has already been the subject of ample opportunity for discovery, or falls outside the scope of Rule 26(b)(1).

For good cause, Rule 26(c) authorizes the Court to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by forbidding or limiting discovery or prescribing the terms on which it may occur. The party seeking protection must demonstrate good cause through a particularized showing of prejudice or harm. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). District courts have broad discretion to manage discovery and impose appropriate limitations. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Rule 45 separately

requires the issuer of a subpoena to take reasonable steps to avoid imposing undue burden or expense on the person subject to it. Fed. R. Civ. P. 45(d)(1).

## DISCUSSION

### A. Plaintiff's Written Discovery

The volume of plaintiff's discovery is extraordinary in relation to the scope and complexity of this case. But the problem is not simply numerical. Plaintiff presented her requests in dozens of successive and overlapping sets, many of which include demands that are cumulative, collateral, argumentative, directed to dismissed or unpleaded claims, or otherwise disproportionate to the needs of this action. Plaintiff then asked the Court to examine approximately 1,800 pages of requests, responses, summaries, and commentary to determine which individual requests are permissible. The Federal Rules do not require the Court or defendants to reconstruct an appropriate discovery program from plaintiff's excessive demands. Having chosen to present her discovery in this manner, plaintiff must bear the burden of identifying the limited additional discovery that is genuinely necessary, nonduplicative, and proportional.

Defendants represented that they had produced nonconfidential documents responsive to plaintiff's first two RFP sets and that additional responsive material had been withheld pending entry of a confidentiality protective order. Dkt. 169 at 1–2. The record does not clearly establish, however, whether defendants have completed their obligations

under RFP Sets 1–8 or responded to RFA Set 1. The Court therefore requires defendants to complete any outstanding production and responses associated with those sets. The Court also requires defendants to respond to RFP Set 12. Defendants concede that the set seeks nonduplicative information, and the information sought is directly related to plaintiff's surviving COBRA claim

However, good cause exists to relieve defendants of any further obligation to respond to plaintiff's remaining discovery and to prohibit plaintiff from conducting additional discovery without prior authorization. After defendants complete and certify the production and responses required by this Order, plaintiff will be afforded one opportunity to seek leave to serve a limited, consolidated final set of written discovery. The specific procedures and limitations governing that request are set forth below.

**B. The Li subpoena and plaintiff's "emergency" motion**

Defendants also seek protective relief from the Li subpoena.[1] Although the subpoena organizes its demands into thirteen numbered requests, those requests contain numerous

---

[1] The circumstances in which a party may move to quash a subpoena directed to a nonparty are not entirely settled. *Robertson v. Cath. Cmty. Servs. of W. Wash.*, No. C19-1618-RSM, 2020 WL 1819842, at *5 (W.D. Wash. Apr. 10, 2020). *Robertson* observed that courts generally recognize standing when the moving party asserts its own privilege, while objections based solely on the burden imposed on the nonparty ordinarily must be raised by the subpoenaed person. *Id*. A party does, however, have standing to seek a protective order under Rule 26(c) limiting discovery directed to a third party. *Id*. The Court therefore

subparts seeking broad categories of WBD records. The subpoena also requires Li to provide screenshots, explanations, and sworn declarations concerning company policies and systems rather than simply produce existing documents within her possession, custody, or control. Dkt. 174-3 at 5–16.

After briefing on defendants' motion was complete, plaintiff filed an "Emergency Motion for Leave to File Supplemental Evidence" concerning the subpoena. Dkt. 173. The motion identifies no emergency requiring expedited consideration. Most of the proffered materials—including Li's January 2026 email, plaintiff's May 2026 communications with Li, and the subpoena itself—were available before plaintiff filed her opposition. Only the later email correspondence was newly created. Nevertheless, because the materials bear directly on the subpoena dispute, the Court has considered them.

The supplemental materials do not establish that defendants or their counsel improperly interfered with the subpoena, as plaintiff argues. Rather, they reinforce the need for protective relief against plaintiff. Before serving the subpoena, plaintiff advised Li

---

construes defendants' request as one for protective relief rather than as a motion to quash the subpoena on Li's behalf. Good cause exists to consider that request because Li is a current WBD employee, the subpoena principally seeks WBD records and information concerning its policies and systems, several requests implicate potentially confidential or privileged company information, and much of the requested material overlaps with discovery more appropriately directed to WBD.

regarding her legal obligations, warned that efforts to influence her could constitute witness tampering, and told her that her loyalty was to the Court. When Li expressed concern that she did not have a lawyer, plaintiff provided her own views regarding how Li should respond to the subpoena, whether WBD could prevent her from producing documents, and whether company information constituted a trade secret. Dkt. 174-2 at 2–5.

Plaintiff also included with the subpoena a 17-page, plaintiff-authored document titled "General Witness Rights and Obligations Notice." Dkt. 174-3 at 17–33. Although labeled "for informational purposes only—not legal advice," the document was formatted on pleading paper, bore the case caption and the undersigned's name, and could create the misleading impression that it was issued or approved by the Court. *Id*. at 17. The document purported to instruct Li regarding her obligations under the subpoena, communications with WBD's attorneys, and potential legal claims against WBD, among other things.

After Li stated that the requested records were controlled by WBD and asked plaintiff to contact company counsel, plaintiff questioned who had given Li that information. WBD's counsel then represented that Li had directed plaintiff to communicate with counsel regarding the subpoena. Plaintiff thereafter contacted Li again and warned her that she remained personally responsible for compliance. Dkt. 174-4 at 1, 3–4.

The records requested in the subpoena, if they exist, are more appropriately obtained from WBD through party discovery. Requiring an individual employee to locate, interpret,

authenticate, or explain company-controlled information is disproportionate and imposes an unnecessary burden on a nonparty. Plaintiff's conduct surrounding the subpoena was also plainly improper. She repeatedly gave legal instructions to an unrepresented nonparty, invoked possible criminal and other personal consequences, and continued pressing Li regarding compliance after Li asked her to communicate with company counsel. Those communications imposed an unwarranted and potentially coercive burden on Li. Defendants are therefore entitled to protective relief regarding the subpoena, and restrictions on plaintiff's future communications with nonparties are warranted. The specific relief is set forth below.

### C. Discovery master and sanctions

The Court previously warned that it "will not adjudicate motions through serial, piecemeal filings," that it "will not search through plaintiff's other filings" to reconstruct her arguments or evidence, and that plaintiff must present her requests in a "procedurally proper and manageable form." Dkt. 145 at 2–3, 5–6. It further warned that noncompliant filings could be stricken or summarily denied without further notice. *Id*. at 5. Plaintiff has not heeded those warnings. Her service of more than one thousand discovery requests through dozens of overlapping sets, followed by the submission of approximately 1,800 pages for the Court to sort and reconstruct, imposes substantial and unjustified burdens on

defendants, nonparties, and the Court, and diverts limited judicial resources from other matters.

Plaintiff's repeated misuse of emergency designations presents a related problem. Dkt. 173 is the fourth motion plaintiff has designated as an "emergency" despite the absence of circumstances requiring immediate judicial intervention. *See* Dkts. 71, 127, 170, 173. Her continued misuse of that designation consumes limited judicial resources, disrupts the orderly management of this case, and diminishes the credibility of any future assertion that immediate relief is genuinely necessary. The Court will therefore impose specific requirements governing any future request for emergency or expedited relief.

The prospective restrictions imposed by this Order are intended to end plaintiff's abusive practices without adding the expense and complication of a discovery master. The Court therefore denies the request for a discovery master without prejudice. It also declines to impose monetary sanctions for the conduct presently before it. Plaintiff has been afforded considerable latitude in light of her pro se status, but that latitude is nearly exhausted.

**CONCLUSION**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Defendants' Motion for Protective Order Regarding Plaintiff's Discovery, Dkt. 160, is GRANTED in part and DENIED in part.

2. Defendants are relieved of any obligation to respond further to plaintiff's RFP Sets 9–11 and 13–31 and RFA Sets 2–20.

3. Within 21 days after entry of this Order, defendants shall:

    a. complete any outstanding production of nonprivileged documents in response to plaintiff's RFP Sets 1–8, subject to any timely and properly preserved objections, and supplement their written responses as necessary to state whether materials are being withheld on the basis of those objections;

    b. serve responses to plaintiff's RFP Set 12 and produce any responsive, nonprivileged documents not subject to a timely and properly preserved objection; and

    c. to the extent they have not already done so, serve responses to plaintiff's RFA Set 1.

4. Defendants shall certify completion of the obligations set forth in paragraph 3 and identify the date on which any previously served responses to RFA Set 1 were provided.

5. After defendants serve their certification, plaintiff may seek leave to serve additional written discovery as follows:

    a. Plaintiff may file one motion for leave to serve a single, consolidated final set of written discovery. The motion shall be filed no later than 28 days after defendants serve their certification, shall not exceed five pages, and may attach no more than 20 proposed RFPs and 20 proposed RFAs. Each subpart shall count as a separate request.

    b. For each proposed request, plaintiff shall identify the surviving claim or defense to which it relates, explain why the information sought is relevant, proportional, and not duplicative of discovery already served or produced, and identify any prior request addressing the same subject and explain why the response was inadequate.

    c. The proposed requests shall not contain legal argument, evidentiary narratives, commentary regarding defendants' conduct, purported preemption of anticipated objections, demands that defendants create declarations or other documents that do not already exist, or paired requests

designed to compel contradictory admissions. A proposed request that does not comply with these requirements will be summarily stricken.

d. Defendants may file a response of no more than five pages addressing whether the proposed requests comply with this Order and the Federal Rules of Civil Procedure. No reply shall be filed unless requested by the Court.

e. Except upon a showing of *exceptional* good cause, plaintiff may seek leave only for the consolidated RFPs and RFAs described above. Plaintiff shall not otherwise serve written discovery, notice a deposition, or issue a third-party subpoena without prior leave of Court. Any discovery request served, deposition noticed, or subpoena issued without prior authorization will be ineffective, and defendants, deponents, and subpoenaed nonparties will have no obligation to respond, appear, or produce documents.

6. Defendants' request for protective relief regarding the Li subpoena is GRANTED. Plaintiff shall not enforce or seek compliance with the subpoena, and Li has no obligation to respond or produce documents pursuant to it. Plaintiff shall not contact Li regarding the subpoena or attempt to obtain compliance with it.

7. Nothing in this Order prohibits ordinary, noncoercive communications with a potential witness regarding factual matters. In communicating with any potential witness concerning this action, however, plaintiff shall not provide legal advice; threaten contempt, criminal liability, obstruction, witness-tampering consequences, or other personal legal consequences; or continue substantive communications after the witness requests that they cease or proceed through counsel.

8. Defendants' request for appointment of a discovery master is DENIED without prejudice. Their request for monetary sanctions based on the conduct presently before the Court is DENIED.

9. Plaintiff's Emergency Motion for Leave to File Supplemental Evidence, Dkt. 173, is GRANTED to the extent the Court has considered the supplemental materials and is otherwise DENIED.

10. Any future request for emergency or expedited relief must identify the concrete and imminent harm requiring immediate judicial action, the date by which action is necessary, when the asserted emergency arose, and why relief cannot be obtained through the ordinary motion schedule. A request that does not make that showing may be summarily denied.

11. All expert disclosures/reports under FRCP 26(a)(2) shall be filed by Friday, September 25, 2026.

**This is plaintiff's final warning. Further unauthorized discovery, serial or piecemeal filings, unsupported emergency designations, attempts to evade this Order, or violations of its restrictions may result in sanctions without further notice, including monetary sanctions, evidentiary or discovery preclusion, and additional filing restrictions.**

Dated this 5th day of August 2026.

Robert S. Lasnik
United States District Judge