The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENTING ROHWER,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. DISCOVERY, INC., *et al.*,<br><br>Defendants. | NO. 25-cv-1284-RSL<br><br>**ORDER REGARDING PROTECTIVE ORDER** |

On August 4, 2026, the Court entered an order granting in part and denying in part the motion of Defendants Warner Bros. Discovery, Inc., Xiaotong Zhang, and Hannah Lucille (collectively, "defendants") for a protective order regarding confidential material. Dkt. 178. The Court directed defendants to submit a proposed protective order conforming to the Western District of Washington's model form, with modifications only as necessary to: (1) complete the caption and other case-specific information; (2) replace the bracketed instruction in Section 2 with a reasonably specific list of the types of

documents or information entitled to confidential treatment in this action; and (3) revise references to counsel, stipulation, and agreement as necessary to account for plaintiff's pro se status and the Court's entry of the order over plaintiff's objection. The Court further directed defendants not to include an "Attorneys' Eyes Only" designation or otherwise make substantive changes to the model order without prior leave of Court. *Id.* at 3–4.

Defendants submitted their proposed protective order on August 10, 2026, to which plaintiff objects. Dkts. 180-2, 181. Having reviewed the document, the Court concludes that defendants did not comply with the Court's directions in several material respects. Among other things, defendants retained the "Attorneys' Eyes Only" provision that the Court expressly prohibited; retained references to a stipulation, agreement, and counsel that were not adequately revised to account for plaintiff's pro se status and the entry of the order over her objection; retained in Section 2 broad categories and catchall provisions rather than the reasonably specific list contemplated by the August 4 Order; and made additional substantive changes to the model order without obtaining leave of Court. The Court therefore declines to enter defendants' proposed protective order and instead enters the Protective Order attached hereto as Exhibit I.

The Court is disappointed that, despite its clear and specific directions, defendants' submission has necessitated further judicial intervention in an action in

which the Court has repeatedly been required to resolve matters that should not require its involvement. The Court will not continue to expend judicial resources addressing routine matters that should be resolved through compliance with the Court's orders and reasonable cooperation. Future failures to comply with the Court's orders or to make reasonable efforts to resolve such matters without Court intervention may result in sanctions or other appropriate restrictions.

Dated this 12th August, 2026.

Robert S. Lasnik
United States District Judge

**EXHIBIT I**

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENTING ROHWER,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. DISCOVERY, INC., *et al.*,<br><br>Defendants. | NO. 25-cv-1284-RSL<br><br>**PROTECTIVE ORDER** |

**1. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. This Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**2. “CONFIDENTIAL” MATERIAL**

“Confidential” material shall include the following documents and tangible things produced or otherwise exchanged, to the extent they contain information entitled to confidential treatment under applicable law:

(a) documents containing personal identifying information, including Social Security numbers, dates of birth, home addresses, personal telephone numbers, personal email addresses, financial account numbers, or similar personal identifiers;

(b) nonparty personnel or employment records containing private information, including compensation information, performance evaluations, disciplinary records, leave or accommodation records, or other private personnel-file information;

(c) medical records and other private medical or health information of a party or nonparty;

(d) nonpublic financial, tax, or accounting information;

(e) nonpublic information concerning corporate restructuring, reductions in force, or other workforce-planning decisions that contains proprietary business information or private information concerning nonparties;

(f) nonpublic internal-investigation materials that contain private personnel information, proprietary business information, or other information entitled to confidential treatment;

(g) nonpublic company policies, training materials, internal guidance, or escalation protocols that contain proprietary business or operational information entitled to confidential treatment;

(h) nonpublic proprietary technical information concerning products, applications, software, systems, or other technology; and

(i) trade secrets.

**3. SCOPE**

The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

**4.1 Basic Principles**

A receiving party may use confidential material that is disclosed or produced by another party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**4.2 Disclosure of "CONFIDENTIAL" Information or Items**

Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose confidential material only to:

(a) the receiving party, if the receiving party is an individual;

(b) the receiving party's counsel of record in this action, if any, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court, court personnel, and court reporters and their staff;

(f) copy or imaging services retained by a party or counsel to assist in the duplication of confidential material, provided that the party or counsel retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise permitted by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**4.3 Filing Confidential Material**

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet-and-confer process,

the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

**5. DESIGNATING PROTECTED MATERIAL**

**5.1 Exercise of Restraint and Care in Designating Material for Protection**

Each party or nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*,

to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designations**

Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) **Information in documentary form**: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) **Testimony given in deposition or in other pretrial proceedings**: the parties and any participating nonparties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or nonparty may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or nonparty desires to protect confidential information at trial, the issue should be addressed during the pretrial conference.

(c) **Other tangible items**: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**5.3 Inadvertent Failures to Designate**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 6.1 Timing of Challenges

Any party or nonparty may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 6.2 Meet and Confer

The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good-faith meet-and-confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good-faith effort to confer requires a face-to-face meeting or a telephone conference.

### 6.3 Judicial Intervention

If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil

Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d), the Court enters the non-waiver order set forth below.

**10. NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, a party and counsel, if any, are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party permits disclosure in writing or the Court orders otherwise.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Evidence 502(d), the production in this proceeding of any documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, shall not constitute a waiver, in this proceeding or in any other federal or state proceeding, of any privilege or protection applicable to the material produced, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be construed to afford the maximum protection permitted by Federal

Rule of Evidence 502(d), and Federal Rule of Evidence 502(b) shall not apply to productions subject to this Order. Nothing in this Order limits a party's right to review documents, ESI, or other information, including metadata, before production for relevance, responsiveness, or the identification and segregation of privileged or otherwise protected material. Any information produced in discovery that is protected by the attorney-client privilege, work-product doctrine, or another applicable privilege or protection shall be immediately returned to the producing party.

IT IS SO ORDERED.

DATED this 12th day of August, 2026.

Robert S. Lasnik
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ____________________________________ [print or type full name], of ____________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington on __________ in *Wenting Rohwer v. Warner Bros. Discovery, Inc., et al.*, Case No. 2:25-cv-01284-RSL (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ___________________________

City and State where sworn and signed: ___________________________

Printed name: ___________________________

Signature: ___________________________