The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENTING ROHWER,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. DISCOVERY, INC., *et al.*,<br><br>Defendants. | NO. 2:25-CV-01284-RSL<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION TO VACATE DISMISSAL OF DEFENDANT DEEPNA DEVKAR AND DENYING PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

This matter comes before the Court on plaintiff's "Renewed Motion to Vacate Dismissal of Defendant Devkar for Fraud on the Court and, in the alternative, for Specific Personal Jurisdiction" (Dkt. 146) and plaintiff's "Renewed Motion for Leave to File First Amended Complaint" (Dkt. 148). Defendants oppose both motions. Dkts. 150, 156. Having

reviewed the parties' submissions and the remainder of the record, the Court denies both motions for the reasons set forth below.

## BACKGROUND

Plaintiff Wenting Rohwer, proceeding *pro se*, brings this employment action against her former employer, Warner Bros. Discovery, Inc. ("WBD"), and several WBD employees, alleging discrimination, retaliation, failure to accommodate, and related claims arising from the elimination of her position in September 2023. Dkts. 3, 28. On February 19, 2026, the Court granted in part defendants' motion to dismiss, dismissing all claims against defendant Deepna Devkar for lack of personal jurisdiction and dismissing several other claims while allowing the remaining claims to proceed. Dkt. 104. The Court also advised plaintiff that she could seek leave to amend in accordance with LCR 15 if she could remedy the deficiencies identified in the order. *Id*. at 16.

On May 15, 2026, plaintiff filed a motion for leave to amend her complaint (Dkt. 129) and a motion to vacate the dismissal of Devkar (Dkt. 130). On June 1, 2026, the Court struck both motions without prejudice because plaintiff's serial filings and incorporation of materials from other motions created a shifting and unclear record. Dkt. 145. The Court provided specific instructions governing any renewed motions, including a requirement that any proposed amended complaint be complete in itself and comply with the Federal Rules

of Civil Procedure, the Western District of Washington Local Civil Rules, and the Court's orders. *Id.*[1]

Plaintiff subsequently filed a renewed motion to vacate Devkar's dismissal (Dkt. 146), alleging fraud on the Court, and a renewed motion for leave to amend (Dkt. 148), seeking to revive previously dismissed claims and assert additional causes of action.

## DISCUSSION

### A. The Motion to Vacate

Plaintiff moves to vacate the Court's dismissal of defendant Devkar for lack of personal jurisdiction, alleging fraud on the Court under Federal Rule of Civil Procedure 60(d)(3). Because the dismissal order did not resolve all claims against all parties, it remains interlocutory and subject to revision under Rule 54(b). The Court also retains inherent

---

[1] Even after this warning, plaintiff's extensive filings and discovery practices continued to complicate the litigation. In an August 5, 2026 order addressing defendants' motion for a protective order, the Court observed that plaintiff had served 1,098 discovery requests in dozens of overlapping sets and submitted approximately 1,800 pages of discovery-related materials for the Court to review. Dkt. 179. The Court found that many of the requests were cumulative, collateral, or disproportionate to the needs of the case and that plaintiff's practices imposed substantial and unjustified burdens on defendants, nonparties, and the Court. Id. at 5, 9–10. The Court substantially limited further discovery, imposed restrictions on future filings and communications with nonparties, and again warned plaintiff that continued noncompliance with the Court's orders could result in sanctions, including additional filing restrictions. *Id.* at 10–13.

authority to revise an order obtained through fraud on the court. *See In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). Fraud on the court requires an intentional, material misrepresentation that undermines the integrity of the judicial process. *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167–68 (9th Cir. 2017). The alleged misrepresentation must concern a central issue and affect the outcome of the case. *Id.* at 1168.

Plaintiff contends that defendants committed fraud on the Court by misrepresenting Devkar's role in the decision to terminate plaintiff's employment, including who communicated the termination decision and who was responsible for making it. Plaintiff further alleges that defendants concealed Devkar's involvement in employment decisions affecting other Washington employees. According to plaintiff, these misrepresentations caused the Court to underestimate Devkar's contacts with Washington and erroneously dismiss her for lack of personal jurisdiction. Dkt. 146.

Even accepting plaintiff's characterization of the evidence, the alleged discrepancies do not establish fraud on the Court or otherwise warrant reconsideration. In dismissing Devkar, the Court expressly recognized that she supervised Washington employees and approved the reduction-in-force list that resulted in plaintiff's termination. Dkt. 104 at 6–7. Nevertheless, the Court concluded that plaintiff had failed to establish that her claims arose

out of or related to Devkar's contacts with Washington. *Id.* Whether Devkar personally communicated the termination decision to plaintiff does not alter that conclusion, nor does Devkar's alleged involvement in employment decisions affecting other Washington employees establish the necessary connection between plaintiff's claims and Devkar's forum-related activities. Thus, even assuming the alleged discrepancies exist, plaintiff has not identified any material misrepresentation that undermines the Court's jurisdictional determination or otherwise justifies revisiting that ruling. Plaintiff's motion to vacate is therefore denied.

### B. The Motion for Leave to Amend

On June 1, 2026, the Court struck plaintiff's initial motion to amend because her serial, piecemeal filings and incorporation of materials from other submissions created a shifting and unclear record, placing an undue burden on defendants and the Court to reconstruct the basis for her requested relief. Dkt. 145 at 2–3. In permitting plaintiff to renew her motion, the Court expressly directed her to submit one complete proposed amended complaint identifying all defendants, claims, and supporting factual allegations, without incorporating separate statements of facts, statements of claims, exhibits, or other filings by reference. *Id.* at 3–5. The Court also warned that future noncompliant filings could be stricken or summarily denied. *Id.*

Plaintiff's renewed motion (Dkt. 148) seeks to assert 21 causes of action, including previously dismissed claims and several new theories of liability. Her proposed amended complaint (Dkt. 148-8) is 21 pages long but incorporates by reference a separate 63-page Statement of Facts (Dkt. 148-1) and a 119-page Statement of Claims (Dkt. 148-2) containing extensive factual narratives, legal analysis, and evidentiary discussions. The filing also includes plaintiff-prepared transcripts of an interview and a podcast, screenshots of Chinese-language WeChat communications accompanied by plaintiff's translations, and additional employment records and evidentiary commentary. Dkts. 148-5–148-7. Plaintiff subsequently submitted a 266-page consolidated document with her reply (Dkt. 159-1), combining the previously submitted materials into a single filing.

Rule 15 provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this policy favors decisions on the merits, repeated failure to cure pleading deficiencies and undue prejudice to the opposing party are recognized grounds for denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, Rule 15's liberal amendment policy does not excuse compliance with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). An

excessively lengthy and confusing proposed pleading may warrant denial of leave to amend. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011).

Plaintiff's renewed motion fails to comply with both the Court's explicit instructions and Rule 8. Despite being directed to submit a single, self-contained complaint, plaintiff again incorporates lengthy, separate statements of facts and claims by reference. Dkt. 148-8 at 6, 15. Her subsequent consolidation of those materials into a single document does not cure their pleading deficiencies, nor can a revised pleading submitted with a reply substitute for the proposed amendment accompanying the motion. More fundamentally, the proposed pleading contains extensive legal argument, evidentiary narratives, discovery disputes, and accusations of litigation misconduct that obscure rather than clarify the factual basis for plaintiff's claims. The problem is not simply the length of the proposed pleading, but the burden it places on defendants and the Court to sift through hundreds of pages of largely extraneous material to determine the allegations supporting each claim. Rule 8 does not require defendants or the Court to undertake that task.

The Court has afforded plaintiff considerable latitude in light of her *pro se* status, including specific instructions and an opportunity to correct the deficiencies in her proposed amendment. Nevertheless, plaintiff has repeated the very practices the Court expressly prohibited. Given the substantial burdens plaintiff's filing practices have already imposed,

allowing her to expand this litigation to include 21 causes of action through another sprawling and noncompliant pleading would impose additional burdens on defendants and the Court. Under these circumstances, the Court finds that plaintiff's repeated failure to comply with Rule 8 and the Court's instructions warrants denial of leave to amend. Plaintiff's motion (Dkt. 148) is therefore denied. This ruling does not affect plaintiff's remaining claims, which may proceed under the operative complaint.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to vacate (Dkt. 146) is DENIED and plaintiff's motion for leave to amend (Dkt. 148) is DENIED.

Dated this 30th day of October 2026.

Robert S. Lasnik
United States District Judge